PERCY RICHARDSON, RESPONDENT, v. ESSEX NATIONAL TRUNK AND BAG COMPANY, INCORPORATED, AND MASSACHUSETTS BONDING AND INSURANCE COMPANY, PROSECUTOR.

Submitted January 19, 1937—Decided April 27, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Kalisch & Kalisch.*

For the respondent, *David Roskein* and *John A. Laird.*

The opinion of the court was delivered by

LLOYD, J. The writ is to review an award in a workmen's compensation case. The claimant suffered total disability as the result of an injury received in an accident arising out of his employment in September, 1933. Many years before he had lost a leg through amputation as the result of an injury while working for another employer. The award was for total disability, but apportioned the earlier loss of a leg at one hundred and twenty-five weeks as prescribed by the Compensation laws against a fund created by chapter 81 of the laws of 1923, as amended by chapter 55, of the laws of 1936, and the remainder against the employer.

The employer's contention is that the award should have been an equal division of fifty per cent. against it and fifty per cent. against the fund.

We can find no justification for this contention. Chapter 55, page 146, provides that:

"(2) The sums collected under the terms of this act shall constitute a fund out of which a sum shall be set aside each year by the commissioner of labor from which compensation payments in accordance with the provisions of paragraph eleven (b) of the Workmen's Compensation act shall be made to persons totally disabled, as a result of experiencing a permanent injury under conditions entitling such persons to compensation therefor, when such person had previously been permanently and partially disabled from some other cause. In such cases the compensation payable from said fund shall cover that portion of the period for which the employer is not legally responsible due to the permanent and partial disability suffered or possessed by the employe at the time that the employe sustained the injury as a result of which the employe became totally and permanently disabled."

The statute was by its terms made retroactive, and held to be so in *Chambers* v. *Toohey*, 14 *N. J. Mis. R.* 780. It is difficult to find any valid argument against the construction given in the court below. The fund is one for the benefit of the employer to the extent that it is relieved from the payment for losses for injuries outside its own relationship with the employe.

Being in relief of the employer to the extent and only to the extent of liability for the prior injury, the apportionment was properly made and the judgment is affirmed, with costs.